**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000435
06-NOV-2019
07:50 AM**

NO. CAAP-16-0000435

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


WELLS FARGO BANK, N.A.,
dba AMERICAS SERVICING COMPANY,
Plaintiff-Appellee,
v.
MARIANNE S. FONG, Individually and as Trustee of the
Marianne S. Fong Revocable Trust Dated October 16, 2003,
Defendant-Appellant,
and
ONOMEA BAY RANCH OWNER'S ASSOCIATION, INC.; JOHN DOES 1-10;
JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;
DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 10-1-0097)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

In this appeal arising out of a foreclosure action initiated in 2010, Defendant-Appellant Marianne S. Fong, individually and as trustee of the Marianne S. Fong Revocable Trust Dated October 16, 2003 (Fong) appeals from the judgment (Foreclosure Judgment), entered on May 2, 2016, in favor of Plaintiff-Appellee Wells Fargo, N.A. dba Americas Servicing Company (Wells Fargo), by the Circuit Court of the Third Circuit

(circuit court).[1]  Fong also challenges the underlying "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint filed March 23, 2010" also filed on May 2, 2016, by the circuit court.

Fong argues that the circuit court should not have granted summary judgment in favor of Wells Fargo because there were genuine issues of material fact as to: (1) whether Fong was actually in default; (2) whether the lender-placed insurance violated the mortgage agreement; (3) whether the increased mortgage payments were legitimate; (4) whether payments made by Fong were misapplied; and (5) whether the doctrine of unclean hands applies.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we conclude that Fong's appeal is without merit and affirm.

We review a trial court's award of summary judgment *de novo* under the same standard applied by the trial court.  Nozawa v. Operating Eng'rs Local Union No. 3, 142 Hawai'i 331, 338, 418 P.3d 1187, 1194 (2018).  "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Id. at 342, 418 P.3d at 1198 (citation and brackets omitted).  "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties."  Id. (citation omitted).

---

[1]     The Honorable Greg K. Nakamura presided.

> The burden is on the party moving for summary judgment (moving party) to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law. This burden has two components.
>
> First, the moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law. Only when the moving party satisfies its initial burden of production does the burden shift to the non-moving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.
>
> Second, the moving party bears the ultimate burden of persuasion. This burden always remains with the moving party and requires the moving party to convince the court that no genuine issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law.

French v. Hawaii Pizza Hut, Inc., 105 Hawaiʻi 462, 470, 99 P.3d 1046, 1054 (2004) (emphasis and citation omitted).

> Where a plaintiff-moving party has satisfied its obligation of showing, *prima facie*, that there is no genuine issue of material fact and the plaintiff is entitled to a judgment as a matter of law, the burden shifts to the defendant-non-moving party to produce materials regarding any affirmative defenses that have been raised *pro forma* in the pleadings.

Ocwen Fed. Bank FSB v. Russell, 99 Hawaiʻi 173, 183, 53 P.3d 312, 322 (2002) (citation omitted).

> [A] plaintiff-movant is not required to disprove affirmative defenses asserted by a defendant in order to prevail on a motion for summary judgment. The plaintiff is only obligated to disprove an affirmative defense on a motion for summary judgment when the defense produces material in support of an affirmative defense. Generally, the defendant has the burden of proof on all affirmative defenses, which includes the burden of proving facts which are essential to the asserted defense.

U.S. Bank Nat'l Ass'n v. Castro, 131 Hawaiʻi 28, 41, 313 P.3d 717, 730 (2013) (citations, quotation marks, and footnote omitted).

A party seeking foreclosure is entitled to summary judgment and a foreclosure decree if the following elements are established: (1) the existence of an agreement, (2) the terms of the agreement, (3) default occurred as defined by the agreement,

and (4) notice of default was given in accordance with the terms of the agreement. See Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982).

Here, Wells Fargo attached certified copies of: (1) the March 12, 2007 Note by which Fong promised to pay $570,000.00 plus interest to MortgageIT, Inc. (MortgageIT) in exchange for a loan; (2) the March 20, 2007 recorded Mortgage that Fong executed with Mortgage Electronic Registration Systems, Inc., as nominee for MortgageIT, that secured payment on the Note by encumbering Fong's parcel of real property; (3) the Assignment of Mortgage, recorded on October 12, 2009, assigning the Mortgage to Wells Fargo; (4) the loan history; (5) the July 26, 2009 letter notifying Fong about her default and Wells Fargo's intention to accelerate the loan and to foreclose on the Mortgage if the default was not cured; and (6) a Declaration of Indebtedness by April Linn (Linn), a Vice-President of Wells Fargo, that addressed the Note, Mortgage, Assignment of Mortgage, loan history, notice of default letter, and balance due to Wells Fargo.[2] Wells Fargo thus satisfied its initial burden of production and the burden shifted to Fong to demonstrate specific facts that present a genuine issue of material fact.

Fong asserted several allegations in her memorandum in opposition to Wells Fargo's motion for summary judgment, including allegations that she did not default under the Mortgage and Note and that the reason for her alleged default was the increase in cost from the lender-placed hurricane insurance, which she claims she was unaware of at the time. Fong also attached several exhibits in an addendum to her memorandum in

---

[2] Fong does not challenge Wells Fargo's standing. See Tax Found. of Hawai'i v. State, 144 Hawai'i 175, 192, 439 P.3d 127, 144 (2019) (clarifying that standing is not an issue of subject matter jurisdiction). Fong also did not challenge below, and does not challenge on appeal, the admissibility of documents attached to Linn's declaration. See Price v. AIG Hawai'i Ins. Co., Inc., 107 Hawai'i 106, 112, 111 P.3d 1, 7 (2005) (holding that appellants could not challenge the admissibility of evidence for the first time in an appeal from a summary judgment ruling).

opposition, filed subsequent to Wells Fargo's reply memorandum to Fong's memorandum in opposition.  In her addendum to her memorandum in opposition, Fong also appears to assert that her mortgage payments were not applied correctly and that she was not given proper notice of the lender-placed hurricane insurance. However, the record is devoid of any accompanying declaration or affidavit to support Fong's allegations or her submitted exhibits.  Thus, Fong's allegations and exhibits could not serve as competent evidence to oppose Wells Fargo's motion for summary judgment.  See Hawaiʻi Rules of Civil Procedure Rule 56(e) ("[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits . . . , must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.").  Fong cannot rely solely on the conclusory allegations in her memorandum in opposition to create a genuine issue of material fact.  See Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawaiʻi 277, 301, 172 P.3d 1021, 1045 (2007) ("[A] party opposing a motion for summary judgment cannot discharge his or her burden by alleging conclusions, nor is he or she entitled to a trial on the basis of a hope that he can produce some evidence at that time." (Emphasis and citation omitted)).  Therefore, Fong failed to demonstrate the existence of any genuine issue of material fact and the circuit court accordingly did not err in entering summary judgment in favor of Wells Fargo.

Based on the foregoing, the May 2, 2016 "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed March 23, 2010" entered by the Circuit Court of the Third Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, November 6, 2019.

On the briefs:

Al Thompson,
for Defendant-Appellant.

Edmund K. Saffery,
Regan M. Iwao,
and Lynda L. Arakawa,
(Goodsill Anderson Quinn &
Stifel),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Keith K Hiraoka

Associate Judge